UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

FRED NEKOUEE, individually,          :
                                      :
          Plaintiff,             :
                                      :
vs.                                   :   Case No. 2:18-cv-02248
                                      :
LA PALOMA PLAZA, L.L.C.,       :
a Kansas limited liability company    :
                                      :
          Defendant.        :
_____/:

**COMPLAINT**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, LA PALOMA PLAZA, L.L.C., a Kansas limited liability company,   (sometimes referred to as "Defendant"), for declaratory and injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

2.      Defendant LA PALOMA PLAZA, L.L.C.'s property, the La Paloma Plaza, is located at 6709 W. 119th Street, Overland Park, Kansas 66209, in Johnson County ("La Paloma Plaza").

3.      Venue is proper in the District of Kansas because the situs of the property lies in this judicial district.   The Defendant's property is located in and does business within this judicial

district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.   The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the La Paloma Plaza.

6.     Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.   Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

7.     Mr. Nekouee travels to the Kansas City metropolitan area every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to visit his uncle or cousin who live in such area.

8.     Fred Nekouee has visited, bought goods, and sought to avail himself of the services at the La Paloma Plaza which forms the basis of this lawsuit in March 2018, and he plans to return to the property to avail himself of the goods and services offered to the public at the property since it is close to the heavy equipment auction, heavy equipment dealerships, and to the home of his uncle and cousin he visits in the Kansas City metropolitan area.   He has definite plans to return to the Kansas City metropolitan area in July 2018 to attend a heavy equipment auction.

9.      Mr. Nekouee likes the coffee at Dunkin' Donuts, and since it is a chain restaurant he knows generally what to expect from its menu when he is traveling, and he would like to return to the Dunkin' Donuts, Best Regards Bakery & Café at   the La Paloma Plaza and to the La Paloma Plaza.

10.      The Dunkin' Donuts, Best Regards Bakery & Café, and the La Paloma Plaza are close to the hotels he stays at in the area.

11.      For the reasons set forth in paragraphs 7,8, 9, 10, and 20, Mr. Nekouee plans to return to the La Paloma Plaza.

12.      The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access that the Plaintiff encountered at the property have endangered his safety in his wheelchair, impaired his ability or those accompanying him to park a vehicle due to a lack of signage, impaired his ability to access the property due to excessively steep slopes in parking spaces for the disabled, access aisles and walking surfaces,  impaired his use of the men's restroom in the Dunkin' Donuts at the La Paloma Plaza, and have impaired his access to the goods and services at the Dunkin' Donuts and Best Regards Bakery & Café, and deterred him from trying to access other stores at the La Paloma Plaza.

13.      The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

14.      The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

15.      Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his wheelchair.

16.     On his visit to the La Paloma Plaza, the Plaintiff encountered excessively steep running slopes and cross slopes in its parking lot, access aisles, ramps and walking surfaces (sidewalks).

17.     The Plaintiff also encountered barriers to access the men's restroom in Dunkin' Donuts on his March 2018 visit.

18.     The Plaintiff is deterred from visiting the La Paloma Plaza even though he enjoys its goods and services at such places of public accommodation as Dunkin' Donuts and the Best Regards Bakery & Café, because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

19.     The Plaintiff is deterred from visiting stores in the La Paloma Plaza, even though the shopping center is close to the hotels he stays in when he visits the area because of the difficulties he will experience there in the parking lot, access aisles, ramps and walking surfaces (sidewalks), until the property is made accessible to him in a wheelchair.

20.      Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 22 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.   Fred Nekouee desires to visit the La Paloma Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

21.     The Defendant has discriminated against the individual Plaintiff Fred Nekouee by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges,

advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

22.     The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   Preliminary inspections of the La Paloma Plaza and Dunkin' Donuts have shown that violations exist.   The violations that Fred Nekouee personally encountered or observed on his visit to the La Paloma Plaza include, but are not limited to:

**PARKING AREA**

a.   In the parking lot, one of the two parking spaces for disabled patrons in front of Namaste India does not have the signage and international symbol of accessibility, in violation of Federal Law 2010 ADAAG §§ 502.6 and 703.7.2.1.   The lack of signage makes it difficult for a disabled individual in a wheelchair to find a designated parking space.

b.   As shown in the photograph below taken in March 2018, in the parking lot, there are no parking spaces for disabled patrons with van accessible signage in front of Dunkin' Donuts, in violation of Federal Law 2010 ADAAG §§ 208.2.4 and 502.6.



c.   In the parking lot, there is no access aisle for the parking spaces for disabled patrons in front of the Dunkin' Donuts, in violation of Federal Law 2010 ADAAG §§ 502.1 and 502.3.

d.   The accessible aisle in front of Mathnasium does not extend the full length of the parking spaces it serves, in violation of Federal Law 2010 ADAAG § 502.3.2.

e.   As shown in the photographs below taken in March 2018, in the parking lot in front of Namaste India, the parking space for disabled patrons has an excessively steep running slope, as high as 1:15.9 (6.3%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.   This steep slope makes it very difficult for a disabled individual in a wheelchair to stay stable while getting in and

out of a vehicle.





f.   In the parking lot in front of Namaste India, there are areas in the access aisle serving the disabled parking spaces with a running slope as high as 1:8.5 (11.7%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

g.   In the parking lot, the cross slope of the access aisle serving the disabled parking spaces in front of Johnny's Tavern is 1:16.9 (5.9%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

h.   In the parking lot, the running slope of the walking surface towards En Vogue Spa and Best Regards Bakery & Café is 1:13.3 (7.5%), which slope is steeper than the maximum allowed slope of 1:20 (5%), in violation of Federal Law 2010 ADAAG § 403.3.

i.   As shown in the photographs below taken in March 2018, the cross slope of the walking surface in front of Best Regards Bakery & Café is 1:13.3 (7.5%), which slope exceeds the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 403.3.





j.   The running slope of the accessibility ramp in front of Dunkin' Donuts is 1:9.7 (10.3%), which slope is dangerously steeper than the maximum allowed slope of 1:12 (8%), in violation of Federal Law 2010 ADAAG § 405.2.

k.   The cross slope of the ramp run in front of Johnny's Tavern is 1:23.3 (4.3%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 § 405.3.

l.   Handrails are not provided in front of Mathnasium around the ramp where the slope is 7.3% in a 10-foot length, which equates to a ramp run rise of 8.76 inches that is greater than the maximum allowed rise of 6 inches without handrails, in violation of Federal Law 2010 ADAAG §§405.8 and 505.

m.   The accessibility ramp does not have a landing at the top of the ramp run in front of Dunkin' Donuts, in violation of Federal Law 2010 ADAAG § 405.7.

n.   The slope of the surface within the entrance door required maneuvering space of 60 inches in front of Best Regards Bakery & Café is 1:12 (8.3%), which slope exceeds the maximum allowed slope of 1:48 (2%) within the door maneuvering space, in violation of Federal Law 2010 ADAAG § 404.2.4.4.   The Plaintiff slipped sideways in his wheelchair in this maneuvering space and required assistance to enter Best Regards Bakery & Café.

**ENTRANCE DOOR TO DUNKIN' DONUTS**

o.   The force needed to open the entrance door to Dunkin' Donuts is 13 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9.   As a result of the force needed to open the entrance door, the Plaintiff required assistance to enter the Dunkin' Donuts.

**BEST REGARDS BAKERY & CAFÉ**

p.   The force needed to open the entrance door to Best Regards Bakery & Café is 10 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9.   As a result of the force needed to open the entrance door, the Plaintiff required assistance to enter the Best Regards Bakery & Café.

q.   The soda machine ice dispenser in Best Regards Bakery & Café is 52 inches above the finish floor, which height is higher above the finish floor than the maximum allowed height of 48 inches when the reach depth is less than 20 inches, in violation of Federal Law 2010 ADAAG § 308.2.2.   The Plaintiff could not reach the ice dispenser in his wheelchair.

**MEN'S RESTROOM IN DUNKIN' DONUTS**

r.   The force needed to open the door to the men's restroom in Dunkin' Donuts is 10 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door as required by Federal Law 2010 ADAAG § 404.2.9.   The Plaintiff required assistance to enter the men's restroom.

s.   The toilet paper dispenser in Dunkin' Donuts men's restroom is outside the reach range of an individual in a wheelchair, which dispenser centerline is 15 inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches, in violation of Federal Law 2010 ADAAG § 604.7.

t.   The liquid soap dispenser in the men's restroom in Dunkin' Donuts is mounted at 53 inches above the finish floor, which height is higher than the maximum allowed height above the finish floor of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG § 308.2.2.   The Plaintiff could not use the liquid soap dispenser from his wheelchair.

23.   All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

24.   The discriminatory violations described in paragraph 22 are not an exclusive list of the Defendant's ADA violations.   Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.   The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been

discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.   In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25.     Defendant has discriminated against the individual by denying individuals access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

27.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     Defendant is required to remove the existing architectural barriers to the physically

disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's places of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

29.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendant.

30.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the La Paloma Plaza and adjacent parking lot spaces,   Dunkin' Donuts, and Best Regards Bakery & Café to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

31.   Millions of Americans require the use of a wheelchair for mobility.

32.   The number of wheelchair users increases in the United States every year due in part to the aging of the baby boomer generation.

33.   Removing existing architectural barriers to access pursuant to Title III of the ADA

will be good for business at the La Paloma Plaza.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that at the commencement of the subject lawsuit the Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.      Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

**<u>DESIGNATION OF PLACE OF TRIAL</u>**

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby

designates Kansas City, Kansas as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (KS #14101)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*