IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**FRED NEKOUEE,**

                             **Plaintiff,**

      **v.**

**LA PALOMA PLAZA, LLC,**

                           **Defendant.**

**Case No.:       2:18-cv-02248**

**LA PALOMA PLAZA, LLC'S MOTIONS: (1) TO DISMISS PLAINTIFF'S COMPLAINT; AND (2) TO CONSIDER PLAINTIFF A VEXATIOUS LITIGANT AND MEMORANDUM IN SUPPORT THEREOF**

For its Motion to Dismiss Plaintiff's Complaint and Motion to Consider Plaintiff a Vexatious Litigant, Defendant La Paloma Plaza, LLC ("La Paloma") states and alleges as follows:

1.      On May 13, 2018, Plaintiff Fred Nekouee ("Nekouee") filed his complaint against La Paloma, alleging violations of Title III of the Americans With Disabilities Act (the "ADA") at a shopping center located in Johnson County, Kansas, known as La Paloma Plaza.

2.      Defendant La Paloma moves the Court to dismiss Plaintiff's Complaint for lack of standing pursuant to Fed. R. Civ. P. 12(b)(1), and further moves this Court to consider Plaintiff a vexatious litigant and to show cause as to the basis for any claims against Defendant La Paloma in accordance with 28 U.S.C. 1651(a).

3.      Upon a review of the PACER system, it appears that Plaintiff Nekouee has filed no less than 73 separate lawsuits across the country alleging similar ADA violations, including, but not limited to, at least 14 lawsuits filed in the United States District Court for the District of Kansas from April 2018 through June 2018.[1]

---

[1] ADMINISTRATIVE OFFICE OF THE U.S. COURTS, PACER CASE LOCATOR, PARTY, SEARCH, RESULTS, FRED NEKOUEE, https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=046b5a53b4a24760ab82431fe779e78d (last visited July 5, 2018); *see also*, **Exhibit A.**

50-4119

4.      In addition to the lawsuits filed in Kansas, Plaintiff Nekouee has also filed similar lawsuits in Alabama, Georgia, and Missouri.

5.      Plaintiff's complaints are largely boilerplate across the board. As in the instant lawsuit, Plaintiff alleges that he has progressive multiple sclerosis and uses a wheelchair for mobility.[2] He alleges to travel to the applicable area, (in this case, the Kansas City metropolitan area) "every three to six months" to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships where he allegedly assists his brother to compare prices and to evaluate whether to buy or sell heavy equipment. Plaintiff also alleges that he visits his "uncle" or "cousin" who live in the area.

6.      Plaintiff alleges that he visited La Paloma Plaza in March 2018, and "plans to return to the property to avail himself of the goods and services." As is typical for this Plaintiff's complaints, he alleges that the parking lots are excessively sloped, doors are too difficult to open, and certain counters or other amenities are too high.

7.      From a review of prior lawsuits filed by Plaintiff, it appears that his modus operandi is to file numerous lawsuits and obtain quick settlements rather than litigating the matters. In this instance, Plaintiff lacks standing to assert these claims against La Paloma and therefore his Complaint should be dismissed. Further, Plaintiff's vexatious litigation tactics should be sanctioned by the Court, in the form of a filing bar.

<u>**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**</u>

8.      A Rule 12(b)(1) motion challenges the District Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion may be construed either as a facial or factual challenge to the court's subject matter jurisdiction." *Birdsong v. Westglen*

---

[2] Plaintiff's status as a wheelchair user is analogous to the *Molski* cited *infra*, in that Mr. Molski was a physically disabled individual who relied on a wheelchair for ambulation. *Molski,* 347 F.Supp.2d at 861.

*Endoscopy Ctr., L.L.C.*, 176 F. Supp. 2d 1245, 1247 (D. Kan. 2001) (citing *Holt v. United States,* 46 F.3d 1000, 1002 (10th Cir.1995)), *see also Nekouee v. JRN, Inc.*, No. 2:16cv874; 2017 WL 875481, *1 (M.D. Ala. Mar. 3, 2017); *Nekouee v. H.V. Real Estate Corporation,* No. 4:17-cv-1469, 2017 WL 5010380, *1 (E.D. Mo. Nov. 2, 2017).

9.      If the motion is treated as a "facial" one, then the court can only consider the allegations contained in the complaint, and must accept the allegations as true. *Birdsong*, 176 F. Supp. 2d at 1247.  If the motion is treated as a "factual" one, then the party may go beyond the allegations contained in the complaint and can challenge the facts upon which subject matter jurisdiction depends. *Id*. Additionally, in a factual challenge on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id*.  When considering a factual attack, the non-moving party does not have the benefit of the Rule 12(b)(6) safeguards. *Nekouee v. H.V. Real Estate Corporation*, 2017 WL 5010380 at *2.

10.      To have standing, a plaintiff must show "'that (1) he or she has suffered an injury in fact; (2) there is a causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision.'" *Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003) (quoting *Phelps v. Hamilton,* 122 F.3d 1309, 1326 (10th Cir.1997) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))).

11.      "An injury in fact" is a harm which is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Brady Campaign to Prevent Gun Violence v. Brownback*, 110 F. Supp. 3d 1086, 1092 (D. Kan. 2015) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)).

12.     In this instance, although Plaintiff alleges violations of the ADA at the property at issue, Plaintiff's Complaint fails to plead when he sustained any "concrete" injury as the result of the alleged violations.

13.     In addition, Plaintiff's Complaint merely asserted that he desires to return to the property, and will return in "July 2018." These are conclusory allegations, not allegations that plausibly suggest Plaintiff will suffer further injury in the future. Plaintiff's Complaint summarily alleges that he plans to return to the Kansas City metropolitan area in July 2018.

14.     Further evidencing Plaintiff's lack of standing to bring this Complaint is the probability (or lack thereof) that any alleged injury will be addressed by a favorable ruling. The well-established requirement for future injuries is that they are "certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013) (Citing *Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990)). One cannot manufacture standing by incurring costs in anticipation of non-imminent harm. *Id.* at 422.

15.     In assessing the threat of future injury, courts look at (1) the proximity of the public accommodation to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of travel near the defendant.  District courts are to consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury. *Nekouee v. JRN, Inc.*, 2017 WL 875481, at *2 (N.D.Ala. Mar. 3, 2017).

16.     In this instance, Plaintiff alleges that he resides in Tampa, Florida, which is over 1,225 miles from the subject property.  While some courts have considered plaintiffs boilerplate allegations as to geographic proximity coupled with the vague intent to return to the area to be adequate when supported by affidavit, Plaintiff's litigation history belies these past attestations and findings.  Plaintiff's history counsels that his interest in redress is minimal – Plaintiff's

pattern in behavior evidences an attempt to secure quick monetary settlements from small businesses.   *Nekouee v. JRN, Inc.*, 2017 WL 875481, at *1 (N.D.Ala. Mar. 3, 2017); *Nekouee v. H.V. Real Estate Corporation*, 2017 WL 5010380 at *3. *See also*, *Molski v. Mandarin Touch Restaurant, et al.,* 347 F.Supp. 2d. 860, 868 (C.D.Cal. 2004) (concluding that the plaintiff's repeated ADA lawsuits regarding often ridiculously small violations of regulations undermine the purpose and spirit of the ADA, such that plaintiff was subsequently required to seek leave of court to file future ADA related lawsuits).

17.     Viewing this Plaintiff's allegations in the present lawsuit, and in light of his remarkably similar allegations in his no less than 70 other lawsuits, its seems apparent that Plaintiff is not suffering from any past actual or particularized injuries, nor will he in the future, but rather, Plaintiff is attempting to clog the courts with needless litigation such that he should not be afforded standing to pursue an increasing number of nuisance-value settlements.

## MOTION TO CONSIDER PLAINTIFF A VEXATIOUS LITIGANT/SHOW CAUSE

18.     Federal District Courts have the inherent power to levy sanctions in response to abusive litigation practices. *Lundahl v. Halabi*, 600 Fed. Appx. 596, 607 (10th Cir. 2014) (citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766 (1980)) ("A court has the inherent power to sanction a party if it acts in 'bad faith, vexatiously, wantonly, or for oppressive reasons,' including 'willful[ ] abuse [of the] judicial processes.'"); *Farmer v. Banco Popular of N. Am.,* 791 F.3d 1246, 1257 (10th Cir. 2015) ("A district court's inherent power to sanction reaches beyond the multiplication of court proceedings and authorizes sanctions for wide-ranging conduct constituting an abuse of process."). *In re Blumeyer,* No. 98-43254, 293, 2006 WL 4446481, *1 (E.D. Mo. Bankr. Oct. 4, 2006) (stating "the All-Writs Act, 28 U.S.C. 1651(a) gives all federal courts the power to enjoin a litigant from filing complaints and motions if the litigant has used the judicial process as a form to harass the court and other litigants.").

19.     In deciding whether to restrict a litigants' access to the courts, "the Court must determine 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Greene v. Sprint Nextel Corp.*, 2018 WL 851345, at 2 (D. Kan. Feb. 14, 2018) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)); *see also Molski* 347 F.Supp.2d 863-864 ("the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties. A 'vexatious suit' is one instituted maliciously and without good cause.").

20.     The courts consider five factors when determining whether a litigant will continue to abuse the judicial process: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Greene v. Sprint Nextel Corp.*, 2018 WL 851345, at 2 (D. Kan. Feb. 14, 2018) (citing *United States v. Kettler*, 934 F.2d 326 (10th Cir. 1991) (unpublished) (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986))).

21.     As set forth in *Molski*, the same plaintiff and law firm had filed hundreds of ADA lawsuits over a five-year time span.  The Court described the plaintiff's tactics as a "cottage industry" with a simple scheme:

> [a]n unscrupulous law firm sent the disabled individual to as many businesses as possible, in order to have him aggressively seek out any and all violations of the ADA.  Then, rather than simply informing the business of the violations and attempting to remediate them through conciliation or voluntary compliance, a lawsuit is filed, requesting damage awards that would put many of the targeted establishments out of business.

> Faced with the specter of costly litigation and a potentially fatal judgment against them, most business quickly settled the matter.

347 F. Supp. 2d at 863 (internal quotations and citations omitted).

22.    While *Molski* put forth allegations that seemed credible when complaints were viewed on the individual level, when viewed in the aggregate, it was apparent that the plaintiff was filing his lawsuits maliciously to extract cash settlements based upon boilerplate allegations and repeated injury claims.[3] *Id.* at 865.   In other words, *Molski'*s allegations may not have been entirely frivolous – there may very well have been ADA violations – but sanctions were appropriate because the litigation was instituted in bad faith for the purpose of extorting settlements.  *Id.*

23.    The finding in *Molski* of bad faith was also supported by the fact that Molski hardly litigated his claims in his entirety.  *Id*. 866.   The Court concluded that Molski "did not even have a reasonable expectation (or intention) of litigating the lawsuits on the merits" and that "his m.o. [w]as clear: sue, settle, and move on to the next suit." *Id*. at 866.

24.    From review of the numerous lawsuits Nekouee has filed, the lawsuits all follow a predictable pattern:  parking lot has too much/excessive slope or cross slope, the doors require a little too much force to open or close, and certain amenities are too high or a bit off in the food service area or restaurants.

25.    Similar to *Molski*, from a review of the suits filed by Nekouee, it is evident that Nekouee and his counsel do not litigate these claims on the merits.  From a review of over 70 cases, the average time between the filing of a lawsuit and the dismissal of the same, appears to be about five months. Just like in *Molski*, Plaintiff herein has a very clear m.o. – to sue, settle, and move on to the next suit.  347 F. Supp. 2d at 866.  Moreover, Plaintiff Nekouee attempted no

---

[3] Like in *Molski*, Plaintiff has been represented by counsel in each case –further weighing against Plaintiff herein. *Molski*, 347 F. Supp. 2d at 866.

50-4119

7

communication with Defendant La Paloma to discuss his alleged ADA violations prior to filing

suit. It is plainly evident that Nekouee simply files his lawsuit and hopes to obtain a quick

settlement.  In this case, the totality of relevant facts suggests the plaintiff is not interested in

securing injunctions requiring the alleged ADA violations; rather, the Plaintiff is seeking a quick

monetary settlement.

26.     Based on the large number of lawsuits Nekouee has filed in a short period of time,

it appears that Plaintiff plans to continue his vexatious litigation tactics.  The most effective

method to slow this "professional plaintiff" is for the Court to invoke its authority to  require

Plaintiff to seek leave before filing any further  lawsuits.  Sanctioning the vexatious litigation

tactics of Nekouee would allow the Court to determine if Nekouee has a bona fide discrimination

claim under the ADA, or whether Nekouee is merely bringing another vexatious claim in order

to strong-arm a business into settling quickly.  *Molski,* 347 F.Supp.2d 866-67.

## **DEFENDANT IS ENTITLED TO ITS ATTORNEY FEES**

27.     Pursuant to 42 U.S.C. §12205,[4] 28 U.S.C. §1927,[5] and 28 §C.F.R. 36.505,[6]

Defendant La Paloma is entitled to an award of its attorney fees incurred in researching and

responding to Plaintiff's vexatious Complaint.

---

[4] According to the ADA:

> In any action or administrative proceeding commenced pursuant to this chapter,
> the court or agency, in its discretion, may allow the prevailing party, other than
> the United States, a reasonable attorney's fee, including litigation expenses, and
> costs, and the United States shall be liable for the foregoing the same as a
> private individual. 42 U.S.C.§ 12205.

[5] The regulations promulgated following enactment of the ADA likewise provide for an award of attorney fees to the "prevailing party."

> In any action or administrative proceeding commenced pursuant to the Act or
> this part, the court or agency, in its discretion, may allow the prevailing party,
> other than the United States, a reasonable attorney's fee, including litigation
> expenses, and costs, and the United States shall be liable for the foregoing the
> same as a private individual. 28 C.F.R. § 36.505.

50-4119                                                8

28.     As set forth herein, Plaintiff Nekouee is a vexatious litigant and "professional" plaintiff who lacks standing to bring his Complaint against La Paloma. Under both the ADA (and its applicable regulations) and the law governing the procedures of the federal courts, Defendant La Paloma should be awarded its attorney fees incurred arising from the filing of Plaintiff's Complaint.

WHEREFORE,  Defendant  La Paloma Plaza, LLC respectfully prays that the Court sustain Defendant's Motion to Dismiss, and enter an order dismissing the Complaint with prejudice, and that Plaintiff Fred Nekouee be sanctioned and deemed a vexatious litigant and be required to seek leave of court prior to filing any further complaints, for its costs and attorneys' fees incurred herein, and for such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

**MCNEILEPAPPAS PC**

*/s/ Austin B. Hayden*
Gregory J. Pappas          #11993
Austin B. Hayden          #25258
7500 West 110th Street, Suite 110
Overland Park, KS  66210
Telephone:913-491-4050
Facsimile: 913-491-9318
E-Mail:     gpappas@cmplaw.net
                 ahayden@cmplaw.net
ATTORNEYS FOR DEFENDANT

---

[6] In addition to the ADA, the Court has authority to award attorney fees in instances of "unreasonable" and "vexatious" conduct:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C.A. § 1927.

50-4119                                        9

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2018, I electronically filed the above and foregoing with the Clerk of the Court utilizing the Court's electronic filing system which sent electronic notification to all counsel of record.

*/s/ Austin B. Hayden*

Austin B. Hayden          #25258

50-4119

# EXHIBIT A





| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| Nekouee, Fred (pla) | 2:2018cv02248 | Nekouee v. LA PALOMA PLAZ... | Kansas District Court | 05/13/2018 | |
| Nekouee, Fred (pla) | 2:2018cv02251 | Nekouee v. Regency Park MB L... | Kansas District Court | 05/15/2018 | |
| Nekouee, Fred (pla) | 2:2018cv02309 | Nekouee v. MDC Coastal 1, LL... | Kansas District Court | 06/11/2018 | |
| Nekouee, Fred (pla) | 2:2018cv02316 | Nekouee v. Leawood TCP, LLC ... | Kansas District Court | 06/13/2018 | |
| Nekouee, Fred (pla) | 4:2015cv01701 | Nekouee v. United States Beef ... | Missouri Eastern District Court... | 11/12/2015 | 05/02/2016 |
| Nekouee, Fred (pla) | 4:2016cv01542 | Nekouee v. Youssef | Missouri Eastern District Court... | 09/29/2016 | |
| Nekouee, Fred (pla) | 4:2016cv01544 | Nekouee v. Hardee's Food Syst... | Missouri Eastern District Court... | 09/29/2016 | 04/05/2017 |
| Nekouee, Fred (pla) | 4:2016cv01545 | Nekouee v. Grand Slam Invest... | Missouri Eastern District Court... | 09/29/2016 | 03/31/2017 |
| Nekouee, Fred (pla) | 4:2016cv01692 | Nekouee v. Steak N Shake Inc. | Missouri Eastern District Court... | 10/31/2016 | 03/27/2017 |
| Nekouee, Fred (pla) | 4:2017cv01458 | Nekouee v. USR-DESCO DORS... | Missouri Eastern District Court... | 05/08/2017 | 05/08/2017 |
| Nekouee, Fred (pla) | 4:2017cv01459 | Nekouee v. USR-DESCO DORS... | Missouri Eastern District Court... | 05/08/2017 | 05/08/2017 |
| Nekouee, Fred (pla) | 4:2017cv01460 | Nekouee v. USR-DESCO DORS... | Missouri Eastern District Court... | 05/08/2017 | 05/08/2017 |
| Nekouee, Fred (pla) | 4:2017cv01461 | Nekouee v. USR-DESCO Dorset... | Missouri Eastern District Court... | 05/08/2017 | 11/15/2017 |
| Nekouee, Fred (pla) | 4:2017cv01465 | Nekouee v. LVP Depaul LLC | Missouri Eastern District Court... | 05/08/2017 | |
| Nekouee, Fred (pla) | 4:2017cv01467 | Nekouee v. BERG-CAHOKIA LL... | Missouri Eastern District Court... | 05/08/2017 | 02/23/2018 |
| Nekouee, Fred (pla) | 4:2017cv01468 | Nekouee v. H.V. Real Estate Co... | Missouri Eastern District Court... | 05/08/2017 | 12/27/2017 |
| Nekouee, Fred (pla) | 4:2018cv00452 | Nekouee v. ESA P Portfolio L.L... | Missouri Eastern District Court... | 03/26/2018 | |

(1 of 2) |◄ ◄◄ **1** 2 ►► ►| 1 ▼

**PACER Service Center**

**Receipt** 07/05/2018 10:30:48 1307115630

| | |
|---|---|
| **User** | McNeilePappasPC |
| **Client Code** | |
| **Description** | All Court Types Party Search |
| | All Courts; Name Nekouee, Fred; Page: 1 |
| **Billable Pages** | 1 ($0.10) |

Print Receipt

**Icon Legend**

💾 Save search to Saved Searches
⬛ Sort search results
⬜ Choose columns to display
🔍 Refine the current search
⊕ Download search results
☆ Save case to Saved Cases

**Search Criteria:** Party Search; Last Name: nekouee; First Name: fred
**Result Count:** 73

Icon Legend

| | Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|---|
| (2 of 2) | |◄ ◄◄ | 1 **2** | ►► ►| | 2 ▼ | |
| | Nekouee, Fred (pla) | 4:2018cv00141 | Nekouee v. Spirit SPE Portfolio... | Missouri Eastern District Court... | 01/29/2018 | 05/23/2018 |
| | Nekouee, Fred (pla) | 4:2018cv00147 | Nekouee v. SJT Restaurant Re... | Missouri Eastern District Court... | 01/30/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00158 | Nekouee v. LVP Depaul LLC | Missouri Eastern District Court... | 01/31/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00174 | Nekouee v. LVP Depaul LLC | Missouri Eastern District Court... | 02/01/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00175 | Nekouee v. McDonald's Real E... | Missouri Eastern District Court... | 02/01/2018 | 05/24/2018 |
| | Nekouee, Fred (pla) | 4:2018cv00188 | Nekouee v. RALJACK LLC | Missouri Eastern District Court... | 02/02/2018 | 04/25/2018 |
| | Nekouee, Fred (pla) | 4:2018cv00193 | Nekouee v. Noles et al | Missouri Eastern District Court... | 02/02/2018 | 06/12/2018 |
| | Nekouee, Fred (pla) | 4:2018cv00236 | Nekouee v. K & K Hospitality, L... | Missouri Eastern District Court... | 02/12/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00238 | Nekouee v. K & K Hospitality, L... | Missouri Eastern District Court... | 02/12/2018 | 02/12/2018 |
| | Nekouee, Fred (pla) | 4:2018cv00239 | Nekouee v. Kaiser Hotels, LLC | Missouri Eastern District Court... | 02/12/2018 | 06/11/2018 |
| | Nekouee, Fred (pla) | 4:2018cv00245 | Nekouee v. USR-Desco City Pla... | Missouri Eastern District Court... | 02/14/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00257 | Nekouee v. M & W Investment... | Missouri Eastern District Court... | 02/15/2018 | 06/11/2018 |
| | Nekouee, Fred (pla) | 4:2018cv00282 | Nekouee v. North Oaks Group, ... | Missouri Eastern District Court... | 02/19/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00326 | Nekouee v. TCB-PLAZA, LLC | Missouri Eastern District Court... | 02/27/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00452 | Nekouee v. ESA P Portfolio L.L... | Missouri Eastern District Court... | 03/26/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00674 | Nekouee v. ESA P Portfolio L.L... | Missouri Eastern District Court... | 04/28/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00681 | Nekouee v. ESA P Portfolio L.L... | Missouri Eastern District Court... | 04/30/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00765 | Nekouee v. USR-DESCO Richar... | Missouri Eastern District Court... | 05/17/2018 | |
| | Nekouee, Fred (pla) | 4:2018cv00773 | Nekouee v. SM PROPERTIES IV... | Missouri Eastern District Court... | 05/20/2018 | |

(2 of 2) |◄ ◄◄ 1 **2** ►► ►| 2 ▼

50-4119